IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CHARLES SEYMOUR, :
:
Plaintiff, :
:
VS. :
:
Deputy Warden TED PHILBIN, *et al.*, : NO. 7:10-CV-38 (HL)
:
Defendants. : **ORDER & RECOMMENDATION**

Plaintiff **CHARLES T. SEYMOUR**, an inmate at Valdosta State Prison ("VSP") in Valdosta, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He has paid the required initial partial filing fee of $22.33, as previously ordered by this Court.[1] Plaintiff will be obligated to pay the unpaid balance of $327.67, as will be directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this order to the business manager of VSP.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

---

[1] Plaintiff has filed a "Motion to Reconsider," in which plaintiff asks the Court to reconsider the imposition of the $22.33 initial partial filing fee (Tab # 14). Because plaintiff has now paid the fee, said motion is **DENIED AS MOOT**.

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims,

then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff names the following VSP employees as defendants: (1) Deputy Warden of Care and Treatment Ted Philbin; (2) Deputy Warden of Security Orr; (3) Dr. Roimin; (4) Mental Health Counselor Anderson; (5) Mental Health Counselor/Advocate Nickle; (6) Mental Health Counselor/Advocate Lisa Shof; (7) Assistant Mental Health Manager Ann Dasher; (8) Lieutenant Ridahl; (9) Nurse Frazier; (10) Officer Blanton; (11) Officer Bennett; and (12) Officer Roberts.

In his complaint, plaintiff alleges the following: (1) unspecified defendants forcibly medicated plaintiff with an unspecified "mind altering drug" that has caused him to suffer from "psychotic thoughts, fear, paranoia, headaches, depression, lack of concentration," and additionally to not be able "to function properly"; (2) defendants Anderson and Orr violated plaintiff's right to informational privacy by allegedly discussing plaintiff's mental health history with plaintiff's father, with whom plaintiff has severed ties; (3) "defendants" conspired to violate plaintiff's right to informational privacy; (4) defendant advocate Nickle denied plaintiff an attorney at his involuntary medication hearing and stated that she would represent plaintiff at the hearing; (5) defendants Ridahl and Orr denied plaintiff "his right" to be present at his hearing; (6) defendants Blanton and Bennett

3

"dragged [plaintiff] off the top bunk, beat [him], took [him] to the shower where plaintiff was stripped, beaten more and held under the shower and then forcibly taken back to his cell"; (7) defendant Officer Roberts "joined in" with defendants Blanton and Bennett; (8) defendant Nickle denied plaintiff the right to file a grievance; and (9) defendants Shof, Dasher, Frazier, and Philbin denied plaintiff due process rights at a second involuntary medication hearing -- specifically his "rights" to have the Deputy Warden present, to have full disclosure of all evidence against him, and to present witnesses.

Plaintiff also appears to challenge his conviction due to his attorney (not named as a defendant) making false statements that plaintiff "did do the crime as a 'cry for help.'" Plaintiff asks this Court to "intervene."

Plaintiff seeks $78 million in damages and injunctive relief in the form of ceasing his mental health medication, correcting his records, and providing his rights at involuntary medication hearings.

## III. DISCUSSION

### A. Dismissed Defendant

#### 1. Mental Health Counselor/Advocate Nickle

Plaintiff has failed to allege a valid claim against defendant Nickle. Plaintiff claims that Nickle refused to allow plaintiff an attorney at his involuntary medication hearing and stated that she would represent plaintiff at the hearing. The United States Supreme Court has specifically held that a prisoner is not entitled to be represented by counsel at an involuntary medication hearing.

*Washington v. Harper*, 494 U.S. 210, 236 (1990). The Supreme Court found that "the provision of an independent lay adviser who understands the psychiatric issues involved is sufficient protection." *Id.* at 236. Therefore, Nickle's offer to represent plaintiff at the hearing satisfies applicable due process requirements.

With regard to plaintiff's claim that Nickle refused to allow plaintiff to file a grievance, the Eleventh Circuit Court of Appeals has held that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. ***Dunn v. Martin***, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); *see also **Baker v. Rexroad***, 159 Fed. Appx. 61, 62 (11th Cir. 2005). Consequently, a prison official's failure to process or respond to a grievance is not actionable under section 1983. Plaintiff's grievance claim against Nickle is also frivolous.

Because plaintiff has not alleged any valid claim against defendant Nickle, it is hereby **RECOMMENDED** that Nickle be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this order.

### *B. Challenge to Conviction*

To the extent that plaintiff seeks in this Court to challenge his allegedly "wrongful" conviction, plaintiff must file a petition for writ of habeas corpus, following the exhaustion of state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition

for writ of habeas corpus). Accordingly, it is **RECOMMENDED** that plaintiff's claim challenging his conviction be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this order.

### C. Remaining Defendants

Plaintiff's claim that defendants Blanton, Bennett, and Roberts beat him is clearly sufficient to withstand the frivolity review. Similarly, plaintiff's claim that defendants Anderson and Orr violated plaintiff's right to informational privacy is sufficient to proceed at this juncture.

Plaintiff's claims against the remaining defendants are less clear. Plaintiff does not specifically allege that Dr. Roimin was the individual who forcibly medicated plaintiff. Nor does plaintiff state in specific detail the actions or omissions of each defendant in denying plaintiff due process at his medication hearings. Construing the complaint liberally in favor of plaintiff, however, as this Court is required to do at this early stage of the proceeding, the Court finds that plaintiff has alleged colorable claims with respect to his forced medication and due process issues.

Based on the foregoing, it is hereby **ORDERED** that service be made against defendants Deputy Warden of Care and Treatment Ted Philbin, Deputy Warden of Security Orr, Dr. Roimin, Mental Health Counselor Anderson, Mental Health Counselor/Advocate Lisa Shof, Assistant Mental Health Manager Ann Dasher, Lieutenant Ridahl, Nurse Frazier, and Officers Blanton, Bennett, and Roberts, and that they file a Waiver of Reply, an Answer, or such other response as may be

appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute her complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made,

and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance

with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed

before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 2nd day of November, 2010.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr