IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CHARLES SEYMOUR, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | 7 : 10-CV-38 (HL) |
| DEPUTY WARDEN TED PHILBIN, *et al.,* : | |
| : | |
| Defendants. : | |

**RECOMMENDATION**

Presently pending herein are motions to dismiss filed by the Defendants. (Docs. 46, 61). The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 in April 2010, raising various allegations regarding the conditions of his confinement at Valdosta State Prison. (Doc. 1). By Order dated June 29, 2011, the Court allowed the Plaintiff an additional thirty (30) days in which to conduct discovery regarding the issue of exhaustion of administrative remedies, and until September 6, 2011 to file any additional response to the Defendants' motions to dismiss. (Doc. 81). As of September 7, 2011, the Plaintiff has failed to file any additional response to the Defendants' motions.

*Exhaustion*

Initially, the Defendants assert that the Plaintiff has failed to exhaust administrative remedies as to all claims except his claim that Defendants Shoe, Dasher, Frazier, and Philbin violated his due process rights by holding an involuntary medication hearing without affording Plaintiff certain rights. (Docs. 46, 61). A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

> face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light,

> the defendant is entitled to have the complaint dismissed for failure to
> exhaust administrative remedies, it must be dismissed. . . . If the complaint
> is not subject to dismissal at the first step, where the plaintiff's allegations
> are assumed to be true, the court then proceeds to make specific findings
> in order to resolve the disputed factual issues related to exhaustion.
> *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir.  2008).

A review of the factual allegations in the Defendants' motions and the responses from the Plaintiff reveals a conflict.  Plaintiff states in response to the Defendants' motions that he did not file a grievance regarding the claims identified by the Defendants as unexhausted.  (Docs.  58, 68, 71). The Defendants and Plaintiff agree that Plaintiff never filed any form of grievance regarding these issues, although Plaintiff appears to assert that Defendants prevented him from filing grievances. Accepting Plaintiff's allegations as true, and in light of Plaintiff's apparent contention that he was prevented from filing grievances, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis.

The Defendants establish, by means of the affidavit testimony of Artis Singleton, Grievance Coordinator at Valdosta State Prison, that a grievance system was in place at Valdosta State Prison at the time of the incidents underlying this lawsuit.  (Doc. 46, Singleton Affidavit, ¶¶ 5-9).  The Defendants contend, supported by the affidavit testimony of Artis Singleton, that during Plaintiff's incarceration at Valdosta State Prison and prior to the filing of this lawsuit, Plaintiff filed informal and formal grievances, although Plaintiff appealed the denial of only one formal grievance.  *Id.* at ¶¶ 11, 13-15.  Ms. Singleton provides that the formal grievance from which Plaintiff filed an appeal was filed against Defendants Shoe, Dasher, Frazier, and Philbin alleging that an involuntary medication hearing was held in violation of Plaintiff's rights.  *Id.* at ¶ 14.  Thus, the only claim herein that was fully exhausted is this claim regarding the involuntary medication hearing.

In response to the Defendants' motions to dismiss, the Plaintiff asserts that he has no knowledge as to the grievance system, that he has no instructions regarding the grievance system,

and that he was told by counselors that he could not file a grievance. (Docs. 58, 68, 71). In order to demonstrate that administrative remedies were unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable). Herein, there is no support for Plaintiff's assertion that his access to the grievance processes was prohibited by prison officials, by means of threat or otherwise.

Additionally, the Court notes that the Plaintiff's grievance history shows that he filed several grievances while confined at Valdosta State Prison. (Doc. 46-3). The filing of these grievances evidences Plaintiff's awareness and utilization of the grievance procedure at the prison. *See Gould v. Donald*, 2009 WL 1606520 *5 (M.D.Ga) (CDL) (plaintiff was well aware of prison grievance policy as he had filed multiple grievances while imprisoned in Georgia prison system).

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, other than the claim regarding a forced medication hearing, in that, he has not utilized available remedies to grieve the alleged offenses of the Defendants. The affidavit testimony in support of the Defendants' motions to dismiss establishes the presence of a grievance system at Valdosta State Prison and establishes that the Plaintiff filed no grievances prior to filing this lawsuit regarding the events in question during his confinement at Valdosta Prison System. The evidence before the Court shows that Plaintiff did not properly pursue and exhaust the grievance procedure, leaving administrative remedies unexhausted. The PLRA "requires proper exhaustion". *Woodford*, 548 U.S. at 92. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must comply with any administrative "deadlines and other critical

procedural rules" in place.  *Id.*  The Court finds that the Defendants have met their burden to establish that the Plaintiff failed to exhaust his administrative remedies as to all claims except the due process claim set out below.

***Due process claim***

In the one claim which Plaintiff appears to have exhausted, Plaintiff asserts that the Defendants denied him due process in conducting an involuntary medication hearing without affording Plaintiff the opportunity to call witnesses, without the disclosure of evidence, and without the presence of Mr. Philbin, the Deputy Warden of Care and Treatment.  (Doc. 1, pp. 13-14).

Defendants concede that the Due Process Clause creates "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs."  *Washington v. Harper*, 494 U.S. 210, 222 (1990).  In regard to protection of this liberty interest, procedural due process requires, in general, notice and an opportunity to be heard prior to deprivation of the interest.  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  However, a violation of procedural due process "is not complete unless and until the State fails to provide due process . . . [i]n other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation  does a constitutional violation actionable under section 1983 arise."  *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (internal citations omitted).

As pointed out by the Defendants, Georgia law provides a process for the protection of the right of individuals to refuse medication.  *See* O.C.G.A. § 37-3-163.  This law has been found to "provide[] sufficient procedures to protect [a Plaintiff's] interests while accommodating legitimate state interests."  *Hightower v. Olmstead*, 959 F.Supp. 1549, 1567 (N.D.Ga. 1996).  Thus, with adequate procedures in place to address any deprivations of due process in the prison hearing, Plaintiff's allegation of a procedural due process violation must fail.  To the extent that the Plaintiff

contends that Defendants' failure to follow prison guidelines serves as a basis for this § 1983 action, the Court notes that in order to state a violation of § 1983, it must be shown that the Defendants' conduct deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Baker v. McCollan*, 443 U.S. 137, 140 (1979).  The violation of a prison guideline, in and of itself, does not satisfy this standard.

Inasmuch as the Plaintiff has failed to fully exhaust administrative remedies as to certain claims herein, and has failed to establish a constitutional violation in regard to his exhausted claim alleging a violation of procedural due process, it is the recommendation of the undersigned that Defendants' motions to dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 7th day of September, 2011.

s/  *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb